IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN 26 A 9: 48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| NORMAN BOGGAN,<br>Plaintiff,<br><br>v.<br><br>CITY OF GREENVILLE,<br>OFFICER TRAVIS JOHNSON,<br>Defendants. | *<br>*<br>*<br>*  Civil Case No. 2:06-CV-561-CSC<br>*<br>*<br>*  **JURY TRIAL DEMANDED**<br>* |

## COMPLAINT

COMES NOW Plaintiff Norman Boggan, by and through his attorney, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in the City of Greenville, Butler County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Norman Boggan (hereinafter, "Boggan") is over the age of 19 years, and is and at

all times material hereto was a citizen of the United States and the State of Alabama, residing in Butler County, Alabama.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant, City of Greenville (hereafter "Defendant" or "City") is and at all times mentioned herein, was a duly incorporated municipal corporation located within the State of Alabama in the County of Butler.

5. Defendant Officer Travis Johnson (hereinafter, "Johnson"), is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Greenville's Police Department and is a person whose conduct proximately and directly harmed Plaintiff.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. Sometime on June 08, 2006, without probable cause or justification of any sort, defendant Johnson, an officer, agent, or employee of the City of Greenville's Police Department, choked Plaintiff almost to the point of unconsciousness and then repeatedly struck the Plaintiff with a baton-like instrument injuring his face, chin, jaw, back, and legs without cause.

9. At the time defendant Johnson injured Plaintiff, Plaintiff was handcuffed behind his back

and was not resisting.

10. Plaintiff was caused to have severe injuries requiring the attention of a physician. These injuries resulted in permanent scarring and nerve damage, dislocation of the Plaintiff's jaw, a laceration requiring four stitches, swelling and trauma to the eye, and intense swelling of Plaintiff's face.

11. Johnson, at all times material hereto, was acting under color of law and pursuant to the policies and customs of the City of Greenville.

12. At the time of the events giving rise to this Complaint, Johnson was a rogue, out-of-control, police officer who should never have been permitted to act as a police officer or have any official contact with the public.

13. As a direct and proximate consequence of the actions herein above described, Plaintiff has been damaged and injured in that he has suffered severe physical pain and damage, and great and severe emotional distress and mental anguish.

## CAUSES OF ACTION

14  As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

15. At all times material hereto, Johnson and others were acting as law enforcement officers pursuant to State statute and the ordinances, customs, and policies of the City of Greenville Police Department.

16. Defendant's beating of the Plaintiff constituted subhuman treatment and violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth Amendment to the

United States constitution.[1]

17. The Defendant's attack on the Plaintiff was not reasonably related to a legitimate penalogical purpose

18. Plaintiff had a right to safe and free from attack while in custody.

19. Plaintiff had a right to be free from physical abuse at the hands of Johnson. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

20. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

21. Johnson and possibly other officers, or each or all of them, acting in concert each with the other, assaulted and battered Plaintiff without justification of any sort and subjected him to unreasonable and excessive force in violation of the Eight, Fourth, and Fourteenth Amendments to the United States Constitution. The purpose of the assault and battery was to punish Plaintiff without according him due process of law in violation of the Fourteenth Amendment to the United States Constitution.

22. Plaintiff's rights under the Eight, Fourth and Fourteenth Amendments were thus impermissibly abridged and violated.

---

[1] It is unclear whether at the time of the violation the Plaintiff was a pre-trial detainee or a convicted prisoner. Plaintiff understands that as a pre-trial detainee, his claims must be analyzed under the Fourth Amendment rather than the Eighth Amendment as pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment, see *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, the case law suggests that conditions which would violate a pre-trial detainee's rights under the Eighth Amendment were he a convicted prisoner would also violate his rights under the Fourth Amendment. The Due Process Clause protects pretrial detainees by prohibiting the State from punishing them. See *Bell*, 441 U.S. at 535 n. 16; *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1996); *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir.1991). These protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) The primary difference between claims would be that an Eighth Amendment claim requires an inquiry into the prison officials' state of mind, see *Jordan v. Gardner*, 986 F.2d 1521, 1525, 1527 (9th Cir.1993) (en banc), while a Fourth Amendment claim does not. See *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir.1994). See also, *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

23. The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT IV – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## 42 U.S.C. § 1983 – EXECUTION OF CITY POLICY

24. In hiring and employing Johnson, Ingram was the City's Police Chief and acted as the City's final policy maker in that employment decision.

25. Johnson's record of misconduct with the City of Greenville Police Department was available to Ingram and the City at the time of Williams' hiring.

26. No reasonable City or Police Chief would have hired and retained a police officer of Williams' proven character.

27. In hiring and retaining Johnson, Ingram and the City were deliberately indifferent to the unreasonable risk of harm Williams posed to the public at large, the same harm that ultimately befell Plaintiff.

28. Ingram and the City ignored a known or obvious consequence of hiring and retaining Johnson, that his hiring and retention would ultimately result in the deprivation of a third party's federally protected rights.

29. Where adequate scrutiny of an officer's background and conduct would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire and retain the officer would be the deprivation of a third party's federally protected right the official's failure to adequately scrutinize the officer's background and conduct constitutes "deliberate indifference."

30. Johnson and the City executed a policy of failure to adequately screen its police officers and

failure to monitor and supervise them, which policy directly and proximately caused injury to Plaintiff.

## COUNT V – NEGLIGENCE

31. The aforementioned conduct by Defendant Johnson constituted negligent behavior in that Defendant owed a duty to Plaintiff to conduct himself in such a way as to avoid harming Plaintiff.

32. In engaging in the conduct he did, as more fully set forth and described herein, Defendant was neglectful, careless, and unskillful as compared to reasonable law enforcement officers.

33. Defendant Johnson negligently assaulted and battered Plaintiff.

34. The said negligent conduct was the proximate cause of injuries to Plaintiff in that Plaintiff was subjected to physical pain and suffering and great emotional distress and mental anguish.

35. Plaintiff has been injured and damaged as a direct and proximate result of Defendant's conduct.

## COUNT VI – ASSAULT AND BATTERY

36. Defendant Johnson, having the present apparent ability to commit a battery, intentionally committed an assault on Plaintiff, putting him in fear of an imminent battery.

37. Johnson intentionally touched Plaintiff without his consent in a rude, hostile, angry, or offensive manner, thus committing a battery against him.

38. Plaintiff was injured and damaged as a result thereof.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Eight, Fourth, and Fourteenth Amendments to

the United States Constitution, as addressed by and through 42 USCA § 1983;

b) Grant Compensatory damages in favor of Plaintiff as against Defendants in a sum to be determined by the trier of fact;

c) Grant Punitive damages to Plaintiff against Defendants in an amount to be determined by the trier of fact;

d) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the _____ day of June, 2006.

_____
ANDY NELMS (NEL022)
Plaintiff's Attorney

OF COUNSEL:
Law Offices of Jay Lewis
847 S. McDonough Street
Montgomery, AL 36104
(334) 263-7733

**PLAINTIFF DEMANDS TRIAL BY JURY**