IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Norman Boggan, | * | |
| Plaintiff, | * | |
| vs. | * | 2:06-CV-561-CSC |
| City of Greenville, Alabama, and Officer Travis Johnson, | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

COME NOW the Defendants, by and through counsel, and state the following as their answer to Plaintiff's complaint.

1. These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate this matter. These Defendants deny the remainder of paragraph one of Plaintiff's complaint and demand strict proof thereof.

2. These Defendants admit that venue is proper in United States District Court for the Middle District of Alabama. These Defendants deny the remainder of paragraph two of Plaintiff's complaint and demand strict proof thereof.

3. Admit.

4. Admit.

5. These Defendants admit that Officer Travis Johnson is a natural person over the age of 19 and was at all times material an employee, officer, or agent of the Greenville Police Department. These Defendants deny the remainder of paragraph five of Plaintiff's complaint

and demand strict proof thereof.

6. No answer is required of these Defendants as to paragraph six of Plaintiff's complaint.

7. No answer is required of these Defendants as to paragraph seven of Plaintiff's complaint.

8. These Defendants deny paragraph eight of Plaintiff's complaint and demand strict proof thereof.

9. These Defendants deny paragraph nine of Plaintiff's complaint and demand strict proof thereof.

10. These Defendants deny paragraph ten of Plaintiff's complaint and demand strict proof thereof.

11. These Defendants deny paragraph eleven of Plaintiff's complaint and demand strict proof thereof.

12. These Defendants deny paragraph twelve of Plaintiff's complaint and demand strict proof thereof.

13. These Defendants deny paragraph thirteen of Plaintiff's complaint and demand strict proof thereof.

14. No answer is required of these Defendants as to paragraph fourteen of Plaintiff's complaint.

15. These Defendants deny Count One of Plaintiff's complaint and demand strict proof thereof.

16. These Defendants deny Count Four [sic] of Plaintiff's complaint and demand strict proof thereof.

17. These Defendants deny Count Five [sic] of Plaintiff's complaint and demand strict proof thereof.

18. These Defendants deny Count Six [sic] of Plaintiff's complaint and demand strict proof thereof.

19. These Defendants deny Plaintiff's prayer for relief and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead immunity.

2. These Defendants affirmatively plead qualified immunity.

3. These Defendants affirmatively plead discretionary function immunity.

4. These Defendants affirmatively plead immunity expressed by *ex parte Cranman*.

5. These Defendants affirmatively plead immunity provided by Alabama Code § 6-5-338.

6. These Defendants affirmatively plead that a policy or custom of the City of Greenville was not the proximate cause of Plaintiff's alleged constitutional violation.

7. These Defendants affirmatively plead that their actions were that of a reasonable officer..

8. These Defendants affirmatively plead intervening and superceding caausation.

9. These Defendants affirmatively plead Plaintiff may not maintain a cause of action alleging an intentional tort against a municipality.

10. These Defendants affirmatively plead Plaintiff failed to comply with the statutory requirements to maintain this lawsuit.

11. These Defendants affirmatively plead their actions were not the proximate cause of Plaintiff's alleged damages.

12. These Defendants affirmatively plead that Plaintiff may not recover punitive damages from these Defendants.

13. These Defendants affirmatively plead their actions were legitimate and in good faith.

14. These Defendants affirmatively plead Plaintiff's own actions caused and/or contributed to his alleged damages.

15. These Defendants affirmatively plead Plaintiff was not subjected to cruel and unusual punishment.

16. These Defendants affirmatively plead Plaintiff's due process rights were not violated.

/s/ Rick Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for City of Greenville, Alabama

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Andy Nelms
847 South McDonough Street
Suite 100
Montgomery, Alabama 36104

This the 17th day of July, 2006.

_____
OF COUNSEL